**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **ADVANCED BIOLOGICAL** § <br> **LABORATORIES, SA** § <br>  § <br> **Plaintiff** § <br>  § **CASE NO. 2:07 CV 31** <br> vs. § **PATENT CASE** <br>  § <br> **AMERIPATH, INC.** § <br>  § <br> **Defendant** § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is SmartGene, Inc.'s ("SmartGene USA") Motion to Dismiss or, in the Alternative, to Transfer (Docket No. 33). The Court memorializes its ruling from the bench and **GRANTS** SmartGene USA's Motion to Dismiss.

**BACKGROUND**

Advanced Biological Laboratories, SA ("ABL") sued SmartGene USA and alleged SmartGene USA infringes upon U.S. Pat. Nos. 6,081,786 and 6,188,988. ABL alleges this Court has personal jurisdiction over SmartGene USA and venue for its claims against SmartGene is proper in this district.

SmartGene USA is a North Carolina corporation with its principal place of business in Raliegh, North Carolina. Its sole officer and employee resides in North Carolina. SmartGene USA contracts with an independent contractor located in Virginia. SmartGene USA is a wholly-owned subsidiary of a Swiss company, SmartGene GmbH ("SmartGene Switzerland"), who is not a party to this lawsuit, and provides technical services and manages deployment of SmartGene Switzerland's technology in the United States.

SmartGene Switzerland owns and controls www.smartgene.com, one website ABL alleges transports the allegedly infringing products into the Eastern District of Texas. The website is hosted in Switzerland. SmartGene USA has some input into the content of the website, particularly the press releases. SmartGene Switzerland also owns and operates a number of other accused websites that are restricted to customers and prospective customers which require a login to access.

SmartGene USA entered into a collaboration agreement with Laboratory Corporation of America ("LabCorp") where LabCorp uses a portion of SmartGene Switzerland's technology to identify bacteria and fungi. Medical doctors across the United States order biological samples from patients and deliver the samples to local LabCorp facilities. LabCorp operates local facilities in the Eastern District of Texas. If the local LabCorp facility cannot sufficiently identify the biological sample, it sends the sample to LabCorp's headquarters in Burlington, North Carolina. At LabCorp's headquarters, LabCorp personnel attempt to identify the biological sample.

If LabCorp's personnel in Burlington, North Carolina cannot sufficiently identify the biological sample, LabCorp sends data about the sample to SmartGene Switzerland's servers in Switzerland. The transmitted data does include the location of the source patient or regional LabCorp office. These servers use SmartGene Switzerland's technology to analyze and identify the sample. Once the sample is identified, by SmartGene Switzerland or LabCorp, that identification information is transmitted through LabCorp channels to the ordering medical doctors. ABL has not accused of infringement the above SmartGene Switzerland technology LabCorp utilizes to identify biological samples.

SmartGene USA moves to dismiss ABL's patent infringement claims for lack of personal jurisdiction and improper venue and moves, in the alternative, to transfer the case to the Eastern

District of North Carolina.

## APPLICABLE LAW

In a patent case, personal jurisdiction intimately relates to patent law, and Federal Circuit law governs the issue. *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003). If the parties have not conducted jurisdictional discovery, a plaintiff only needs to make a prima facie showing that the defendant is subject to personal jurisdiction, and the pleadings and affidavits are to be construed in the light most favorable to the plaintiff. *Id*. A court can exercise personal jurisdiction over an out-of-state defendant if the forum state's long-arm statute permits jurisdiction without violating federal due process as delineated in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945); *LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1371 (Fed. Cir. 2000); *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1376–77 (Fed. Cir. 1998). Although federal courts hearing patent cases defer to the forum state's interpretation of its long-arm statute, Federal Circuit law controls whether the exercise of personal jurisdiction comports with federal due process. *3D Sys.*, 160 F.3d at 1377.

"The Texas long-arm statute reaches 'as far as the federal constitutional requirements of due process will allow.'" *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002) (quoting *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991)). Thus, the analysis of Texas's long-arm statute collapses into the federal due-process inquiry. Due process requires an out-of-state defendant have minimum contacts with the forum such that maintaining the suit does not offend traditional notions of fair play and substantial justice. *Int'l Shoe*, 326 U.S. at 316.

Rule 12(b)(2) allows a court to dismiss a case where the court does not have personal jurisdiction over the defendant. FED. R. CIV. P. 12(b)(2). Once a movant challenges a court's

jurisdiction over him, the party asserting jurisdiction bears the burden to show the movant has minimum contacts with the forum state to support jurisdiction over the movant. *Pieczenik v. Dyax Corp.*, 265 F.3d 1329, 1334 (Fed. Cir. 2001). If the party asserting jurisdiction makes such a showing, the movant bears the burden to prove the exercise of jurisdiction would be constitutionally unreasonable. *Akro Corp. v. Luker*, 45 F.3d 1541, 1546 (Fed. Cir. 1995).

## ANALYSIS

ABL does not present any evidence of SmartGene USA's contacts with Texas. LabCorp's contacts with Texas, which are LabCorp's unilateral activities, do not subject SmartGene USA to personal jurisdiction in Texas. *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998). Further, ABL does not allege infringement against SmartGene Switzerland's technology that LabCorp, as a result of the collaboration with SmartGene USA, uses to analyze biological samples taken from Texas. *3D Sys.*, 160 F.3d at 1378 (stating exercise of specific jurisdiction requires patent infringement claim to arise out or relate to activities directed at residents of the forum state). Finally, even if the accused websites provide such contacts with Texas that exercise of personal jurisdiction over their owners or operators would be proper, ABL does not show that SmartGene USA owns or sufficiently controls the accused websites; the record indicates SmartGene Switzerland owns and controls those websites. *Int'l Shoe*, 326 U.S. at 316. In total, ABL has not shown SmartGene USA has the requisite minimum contacts with Texas. Thus, this Court does not have jurisdiction over SmartGene USA. *See id.*

Having concluded the Court does not have personal jurisdiction over SmartGene USA, the Court will not address the remainder of SmartGene USA's motion.

## CONCLUSION

The Court memorializes its ruling from the bench and **GRANTS** SmartGene USA's Motion

4

to Dismiss (Docket No. 33).

**So ORDERED and SIGNED this 14th day of April, 2008.**



_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**